# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | CASE NO.   1:12-cv-01739-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| NANCY GRANNIS, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

On October 25, 2012, Plaintiff Danny James Cohea, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff's complaint is now before the Court for screening.

### II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.   PLAINTIFF'S COMPLAINT**

As an initial matter, the Court finds that Plaintiff's Complaint is not "a short and plain statement of the claim showing the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2).

The Complaint consists of seventy-four handwritten pages of factual allegations. Plaintiff identifies at least sixty-two Defendants.  He sets out eight causes of action that allege numerous due process violations, instances of retaliation, violations of his right to equal protection, and his right to access the courts.  Plaintiff also asserts a conspiracy claim and alleges violations of state law.

A cursory review of the Complaint satisfies the Court that it does not comply with the

pleading requirements in any way which would allow the Court to determine if it contains hidden within it a cognizable cause of action.  Moreover, given the demands imposed on this Court by the tremendous volume of these and voluminous other cases, it would not be feasible, nor fair to other litigants, for the Court to spend the time necessary to go through this inordinately lengthy document to try to extract an identifiable, potentially cognizable claim, identify the facts, if any, related thereto and determine which, if any, Defendant(s) could possibly be held to answer.

In the following sections of this order, the Court will provide some general pleading requirements and also some specific requirements for the types of causes of action Plaintiff may be intending to file.  Plaintiff will then be given the opportunity to re-plead in "a short and plain statement" a claim which, at the very least, meets those standards.  Plaintiff will be required in that amended complaint to assert only related claims against only those Defendants who may credibly be alleged to be responsible for the facts giving rise to those claims.  Facts unrelated to those claims will not be permitted.  Claims not related to the single set or series of facts giving rise to those claims will not be permitted.  Further, this Court can envision few claims which would need more than twenty pages to set them out. Thus, any amended filing which is longer than twenty pages will be viewed with great skepticism and may be rejected on that basis alone.  Finally, any filing which does not comply with these instructions directing a short and plain statement or any filing which combines unrelated matters or defendants likely will result in dismissal with prejudice of the entire action.

/////

/////

3

## IV.   GENERAL LEGAL STANDARDS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### B.   Proper Joinder of Multiple Claims And Defendants

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or as alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The fact that claims are premised on the same type of constitutional violation(s) (e.g. deliberate indifference) against multiple defendants does not make them factually related. Claims are related when they are based on the same precipitating event or on a series of related events caused by the same precipitating event. Unrelated claims involving multiple defendants belong in different suits. See id.

Rule 18(a) allows multiple claims against a single party. However, multiple defendants is limited by the requirement of Federal Rule of Civil Procedure 20(a)(2) that the right to relief arise out of common events and contain common questions of law or fact.

In order to state a cognizable claim, Plaintiff must either plead facts demonstrating how his claims are related or he must file a separate complaint for each unrelated claim against different defendants. If Plaintiff chooses to file an amended complaint that does not comply with Rules 18(a) and 20(a)(2), all unrelated claims and defendants will be subject to dismissal.

## C. Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,

969 (9th Cir. 2009).   The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff may not attribute liability to groups generally.  Id. (requiring personal participation in the alleged constitutional violations); Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).  To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

### D.   Due Process

The Due Process Clause protects prisoners from being deprived of liberty without

due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

### E.   Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a claim, Plaintiff must allege specific facts demonstrating that a Defendant took an adverse act because of Plaintiff's First Amendment activity.  Plaintiff's protected conduct must have been a "'substantial' or 'motivating' factor behind the defendant's conduct."  Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v.

7

1
2
Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).   The adverse action must not have reasonably advanced a legitimate correctional goal.

3
### F.   Equal Protection

4
5
6
7
8
9
10
11
12
13
14
The Equal Protection Clause requires that persons who are similarly situated be treated alike.   City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways.   First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class.   See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).   Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.   Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

15
16
17
18
19
20
21
22
23
24
25
26
27
If the plaintiff has made no allegation that he is a member of a protected class or that the defendant acted on the basis of his status as a member of a protected class, he may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.   Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).   To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.   Village of Willowbrook, 528 U.S. at 564.

8

1

### G.   <u>Access to Courts</u>

2

3

Inmates have a fundamental constitutional right of access to the courts.  <u>Lewis v.</u>

4

<u>Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101

5

(9th Cir. 2011); <u>Phillips v. Hust</u> , 588 F.3d 652, 655 (9th Cir. 2009).  "Under the First

6

Amendment, a prisoner has both a right to meaningful access to the courts and a broader

7

right to petition the government for a redress of his grievances."  <u>Silva</u>, 658 F.3d at 1101-

8

02.

9

The right of access to the courts "requires prison authorities to assist inmates in the

10

preparation and filing of meaningful legal papers by providing prisoners with adequate law

11

libraries or adequate assistance from persons trained in the law."  <u>Bounds v. Smith</u>, 430

12

U.S. 817, 828 (1977); <u>see</u> <u>also</u> <u>Madrid v. Gomez</u>, 190 F.3d 990, 995 (9th Cir. 1999).  The

13

right, however, "guarantees no particular methodology but rather the conferral of a

14

capability - the capability of bringing contemplated challenges to sentences or conditions

15

of confinement before the courts . . . .  [It is this capability] rather than the capability of

16

turning pages in a law library, that is the touchstone" of the right of access to the courts.

17

<u>Lewis</u>, 518 U .S. at 356-57.  Because inmates do not have "an abstract, freestanding right

18

to a law library or legal assistance, an inmate cannot establish relevant actual injury by

19

establishing that his prison's law library or legal assistance program is subpar in some

20

theoretical sense."  <u>Id.</u> at 351.

21

22

Plaintiff also has a right to litigate without interference in pursuit of legal redress for

23

24

claims that have a reasonable basis in law or facts.  <u>Silva</u>, 658 F.3d at 1103.

25

To establish a violation of the right of access to the court, a prisoner must establish

26

that he or she has suffered an actual injury, a jurisdictional requirement that flows from the

27

9

standing doctrine and may not be waived.  See Lewis, 518 U.S. at 349 (1996).  Claims for denial of access to court may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that can not now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412–415 (2002).  The plaintiff must show (1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; (2) the official acts frustrating the litigation; and, in the case of a backward-looking claim, (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit.  Id. at 414–15.

The right to litigation assistance is limited to the tools prisoners need "in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement."  Lewis, 518 U.S. at 355.  The right to legal assistance is also limited to the pleading stage.  Silva, 658 F.3d at 1102.  The right to litigate without interference applies to all civil actions in court that have a reasonable basis in law or fact and extends beyond the pleading stage.  Id. at 1102-3 (citations and quotations omitted).

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

10

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, the

/////

/////

11

Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.


Dated:   December 26, 2012        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

12