UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY GRANNIS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.　1:12-cv-01739-LJO-MJS (PC)<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN FOURTEEN DAYS OR CASE WILL BE DISMISSED<br><br>(ECF No. 7) |

　　　Plaintiff Danny James Cohea, a pro se prisoner currently proceeding in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 25, 2012. (ECF No. 1.) On November 15, 2012, Plaintiff's Motion To Proceed In Forma Pauperis was granted. (ECF No. 7.) The Court has subsequently determined, for the reasons discussed below, that Plaintiff is not entitled to in forma pauperis status and therefore must pay the filing fee before this case may proceed further.

I.　**SECTION 1915(g)**

　　　Plaintiff is subject to section 1915(g), which provides that "[i]n no event shall a

1

prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff previously filed three separate actions in Federal Court, each of which was dismissed for failure to state a claim.[1]  Thus, Plaintiff may proceed pro se only if his complaint shows he is in imminent danger of serious physical injury.

The determination whether a plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007), and the allegation of imminent danger must be plausible, id. at 1055.  There also must be a sufficient nexus between the imminent danger a three-strikes prisoner alleges to obtain in forma pauperis status and the legal claims asserted in the complaint.  See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009.)  "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is <u>fairly traceable</u> to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]."  Id. at 298-299 (emphasis in original).

---

[1] The Court takes judicial notice of case numbers 2:97-cv-0366-FCD-DAD <u>Cohea v. Bray</u> (E.D. Cal.) (Dismissed on 03/24/1998 for failure to state a claim); 3:09-cv-0679-RCJ-RAM <u>Cohea v. Access Secure Pak</u> (D. Nev.) (Dismissed on 08/03/2010 for failure to state a claim); and 3:10-cv-0437-IEG-RBB <u>Cohea v. Patzloff</u> (S.D. Cal.) (Dismissed on 03/02/2011 for failure to state a claim and for failure to comply with the Court's orders).

## II. **PLAINTIFF'S COMPLAINT**

The Complaint identifies sixty-two individual Defendants and asserts numerous violations of Plaintiff's First and Fourteenth Amendment rights. Plaintiff alleges that the Defendants issued false rule violation reports against him in retaliation for Plaintiff having exercised his First Amendment right to file inmate grievances and petition the Courts. Those rule violation reports were then used by various Defendants, who knew them to be false, to justify a series of disciplinary housing transfers into the Administrative Housing Unit and eventually the Security Housing Unit. The transfers were retaliation against Plaintiff for engaging in First Amendment protected activity and were conducted in a manner that deprived Plaintiff of procedural due process rights.

## III. **DISCUSSION**

Plaintiff's Complaint does not allege a basis for an imminent danger exception. "[T]he [imminent danger] exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews, 493 F.3d at 1055. To meet his burden under Section 1915(g), the inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff alleges that the Defendants have affixed "R" (rape) and "IEX" (indecent exposure) suffixes to his inmate records without administrative hearings. Plaintiff maintains that the disciplinary reports supporting these designations are falsified and that the Defendants are aware that either label can spur violence at the hands of other prisoners.

Plaintiff has been forced to take a cell-mate. A fellow inmate was murdered in-cell under similar conditions and there have been multiple physical assaults. (Compl. at 4.)

Plaintiff's abstract fear of assault does not constitute an imminent danger. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. Plaintiff's allegations do not identify a specific threat; instead he argues that he is at risk of harm from any potential cell-mate. "Plaintiff's generalized apprehension that he might be a target of attack does not constitute an imminent danger at the time of filing the Complaint." Ellington v. Clark, 2012 WL 466730, *2 (E.D. Cal. Feb. 13, 2012) ("child molester" label causing a generalized fear of attack from inmates and prison staff did not satisfy the imminent danger requirement).

## IV.    ORDER

For the reasons set forth herein, it is ORDERED that:

1. Plaintiff's in forma pauperis status (ECF No. 7) is revoked;

2. Plaintiff shall pay the $400.00 filing fee in full within **fourteen (14) days** from the date of service of this order; and

3. If Plaintiff fails to pay the $400.00 filing fee in full within fourteen days, this action shall be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:   August 29, 2013              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

4