1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 DANNY JAMES COHEA, | CASE NO. 1:12-cv-01739-LJO-MJS (PC) |
| 12            Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION |
| 13      v. | FOR RECUSAL AND MOTION TO STAY |
| | (ECF No. 29) |
| 14 NANCY GRANNIS, et al., | |
| 15            Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING |
| 16 | ORDER |
| 17 | (ECF No. 8) |
| 18 | ORDER DENYING PLAINTIFF'S MOTION |
| 19 | FOR CLARIFICATION AND FOR REVIEW OF THE MAGISTRATE JUDGE'S DENIAL |
| 20 | OF HIS MOTION FOR RECONSIDERATION |
| 21 | |
| 22 | (ECF No. 12) |

23   **I.     PROCEDURAL HISTORY**

24        Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil

25   rights action filed pursuant to 42 U.S.C. § 1983.   On December 27, 2012, Plaintiff's

26   Complaint was dismissed for failure to state a claim, but he was given leave to amend.

27   (ECF No. 9.)  Plaintiff's motion for reconsideration of that order (ECF No. 10) was denied

28

1  by the Magistrate Judge.  (ECF No. 11.)   Plaintiff then sought reconsideration by a
2  District Judge.  (ECF No. 12.)

3      Before the undersigned ruled on Plaintiff's motion for reconsideration, Plaintiff's *in*
4  *forma pauperis* status was revoked (ECF No. 13), and the case was dismissed for failure
5  to obey the Court's order that he pay the applicable filing fee.  (ECF No. 15, 17.)  As the
6  action was closed at that time, Plaintiff's motion for a temporary restraining order and
7  motion for clarification and review of the Magistrate Judge's order on his motion for
8  reconsideration were terminated.  (ECF Nos. 8 & 12.)

9      Plaintiff appealed the revocation of his *in forma pauperis* status (ECF No. 19), and
10  the United States Court of Appeals for the Ninth Circuit determined that Plaintiff's *in*
11  *forma pauperis* status was improperly revoked.   (ECF No. 26.)   On remand, the
12  Magistrate Judge reinstated Plaintiff's *in forma pauperis* status and ordered Plaintiff to
13  file an amended pleading within thirty days.  (ECF No. 28.)

14      Before the Court is Plaintiff's motion to recuse the undersigned and the Magistrate
15  Judge and to stay proceedings pending resolution of the recusal motion.  (ECF No. 29.)
16  Now that the case has been reinstated, the Court will also address Plaintiff's motion for a
17  temporary restraining order (ECF No. 8.) and his motion for clarification and
18  reconsideration (ECF No. 12.).

19  **II.    MOTION FOR RECUSAL**

20      **A.    Legal Standard**

21      "Whenever a party to any proceeding in a district court makes and files a timely
22  and sufficient affidavit that the judge before whom the matter is pending has a personal
23  bias or prejudice either against him or in favor of any adverse party, such judge shall
24  proceed no further therein, but another judge shall be assigned to hear such
25  proceeding."  28 U.S.C. § 144; *see Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir.
26  2008).   Section 144 expressly conditions relief upon the filing of a timely and legally
27  sufficient affidavit.  *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

28      A judge must disqualify himself if "his impartiality might be reasonably

2

questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).  However, the bias must arise "from an extrajudicial source" and cannot be based solely on information gained in the course of the proceedings.  *Pesnell*, 543 F.3d at 1043-44 (*citing Liteky v. United States*, 510 U.S. 540, 554-56 (1994)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Id*. at 1044 (*quoting Liteky*, 510 U.S. at 555).  "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."  *Focus Media, Inc. v. NBC*, 378 F.3d 916, 930 (9th Cir. 2004).  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky*, 510 U.S. at 555; *Pesnell*, 543 F.3d at 1044.  "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."  *Pesnell*, 543 F.3d at 1044 (*quoting Liteky*, 510 U.S. at 555–56).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  *United States v. Johnson*, 610 F.3d 1138, 1147 (quotation marks and citation omitted).  "Adverse findings do not equate to bias."  *Id*. at 1148.

**B.    Analysis**

Plaintiff appears to argue that the Magistrate Judge and the undersigned should recuse themselves because the Magistrate Judge has misconstrued the Ninth Circuit's disposition of his appeal by requiring him to file an amended pleading.  Plaintiff contends that the Ninth Circuit would not have remanded the case if Plaintiff had not stated a claim for relief in his original complaint, or alternatively, the Ninth Circuit would have

1    advised him of the need to file an amended complaint.  Plaintiff also contends that the

2    Magistrate Judge's denial of his motion for reconsideration of the order dismissing his

3    complaint and granting him leave to amend (ECF No. 11.) was antagonistic, erroneous,

4    and biased.  Plaintiff believes recusal is further warranted because his motion for a

5    temporary restraining order and motion for clarification of the Magistrate Judge's order

6    denying his motion for reconsideration and requesting an Article III Judge's review have

7    yet to be ruled upon.  Finally, Plaintiff contends that the Magistrate Judge was biased

8    when he failed to reinstate another case Plaintiff filed, *Cohea v. Carron,* Case No. 13-cv-

9    01061-LJO-MJS, based on the Ninth Circuit's ruling in this case.

10          Plaintiff fails to present a sufficient basis for warranting recusal.  The Ninth Circuit

11   did not rule on the sufficiency of Plaintiff's complaint nor did it require this Court to

12   reinstate any other cases that Plaintiff may have filed.  The only issue before the Ninth

13   Circuit was whether this Court properly revoked his *in forma pauperis* status.  Therefore,

14   on remand, the Magistrate Judge properly reinstated Plaintiff's *in forma pauperis* status

15   and required him to file an amended complaint in accordance with the Court's prior

16   screening order.

17          Plaintiff's disagreement with the Magistrate Judge's prior orders is also not a

18   basis for recusal.  *See Johnson*, 610 F.3d at 1148.  There is a "presumption of honesty

19   and integrity in those serving as adjudicators." *Caperton v. A.T. Massey Coal Co., Inc.*,

20   556 U.S. 868, 891 (2009), *citing Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  Plaintiff has

21   not provided any facts suggesting a deep-seated, or any, favoritism on the part of the

22   undersigned or the Magistrate Judge such as to make fair judgment impossible.  He also

23   has not presented any "extrajudicial source" for the undersigned's or the Magistrate

24   Judge's alleged bias.

25          Finally, any delay in ruling on Plaintiff's motions for a temporary restraining order

26   and motion for clarification and reconsideration (ECF Nos. 8 & 12.) does not reflect bias.

27   Upon the Court's revocation of his *in forma pauperis* status, Plaintiff's case was closed.

28   (ECF Nos. 17 & 18.)  Therefore, his motion for a temporary restraining order and motion

1    for clarification and review of the Magistrate Judge's order on his motion for

2    reconsideration were terminated.  The Court was no longer required to address those

3    motions at that time.  Plaintiff's case has now been reinstated, and the Court will address

4    Plaintiff's motions below.

5    **III.    MOTION TO STAY**

6         Plaintiff seeks to stay further proceedings in this action pending resolution of his

7    motion to recuse.  In light of the resolution of that motion herein, Plaintiff's motion to stay

8    is DENIED.

9    **IV.    MOTION FOR CLARIFICATION AND RECONSIDERATION**

10         **A.    Legal Standard**

11         Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from

12   an order for any reason that justifies relief.  Rule 60(b)(6) "is to be 'used sparingly as an

13   equitable remedy to prevent manifest injustice and is to be utilized only where

14   extraordinary circumstances'" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008)

15   (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)).

16   The moving party "must demonstrate both injury and circumstances beyond his control."

17   *Latshaw,* 452 F.3d at 1103.  In seeking reconsideration of an order, Local Rule

18   230(j) requires a party to show "what new or different facts or circumstances are claimed

19   to exist which did not exist or were not shown upon such prior motion, or what other

20   grounds exist for the motion."

21         "A motion for reconsideration should not be granted, absent highly unusual

22   circumstances, unless the . . . court is presented with newly discovered evidence,

23   committed clear error, or if there is an intervening change in the controlling law,"  *Marlyn*

24   *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009),

25   and "'[a] party seeking reconsideration must show more than a disagreement with the

26   Court's decision, and 'recapitulation . . .'" of that which was already considered by the

27   court in rendering its decision.  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111,

28   1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp.

834, 856 (D. N.J. 1992)).

### B.   Analysis

Plaintiff contends that the Magistrate Judge improperly denied his motion for reconsideration (ECF No. 10.) because he addressed the motion to the District Court rather than the Magistrate Judge.  Plaintiff seeks to have his motion for reconsideration reviewed by the undersigned.

Plaintiff disagrees with the adequacy of the Magistrate Judge's screening order and contends that he stated valid claims for relief.  Plaintiff's disagreement with the screening order and dismissal of his complaint with leave to amend is not a basis for reconsideration.  Plaintiff has not presented any new or different facts or circumstances which would warrant reconsideration.  The Magistrate Judge properly screened Plaintiff's complaint and informed him of the standards he would need to comply with in filing an amended pleading in compliance with the requirements of Fed. R. Civ. Pro. 8.  Accordingly, Plaintiff's motion for clarification and reconsideration (ECF No. 12.) is DENIED.

## V.   MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff seeks an injunction for access to courts.  (ECF No. 8.)  Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20).

Based on the Court's ruling above denying his motion for reconsideration, Plaintiff has failed to show that he is likely to succeed on the merits or that the balance of equities tips in his favor since he has failed to state a claim.  Therefore, his motion for a temporary restraining order (ECF No. 8.) is DENIED.

**VI.    CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion for recusal and a stay (ECF No. 29.) is DENIED;

2.    Plaintiff's motion for clarification and reconsideration (ECF No. 12.) is DENIED;

3.    Plaintiff's motion for a temporary restraining order (ECF No. 8.) is DENIED;

4.    Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

5.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).   *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

**IT IS SO ORDERED**
**Dated: April 14, 2015**

                                    **/s/ Lawrence J. O'Neill**
                                    **United States District Judge**

7