UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY GRANNIS, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:12-cv-01739-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 32) |

**I.　PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On December 27, 2012, Plaintiff's Complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 9.)  Plaintiff's motion for reconsideration of that order (ECF No. 10) was denied by the Magistrate Judge.  (ECF No. 11.)  Plaintiff then sought reconsideration by a District Judge.  (ECF No. 12.)  On April 15, 2015, the Court denied Plaintiff's motion for reconsideration along with his motions for recusal and a stay and motion for a temporary restraining order.  (ECF No. 31.)

Before the Court is Plaintiff's May 8, 2015 Motion for Reconsideration of that order. (ECF No. 32.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw*, 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

## III. ANALYSIS

Plaintiff does not raise any new facts, circumstances, or change in the law in his approximately 70-page motion which would warrant reconsideration of this Court's April 15, 2015 order. Plaintiff essentially summarizes the procedural history of the case and recapitulates the arguments raised in his prior motions which the Court has already

reviewed, considered, and ruled upon. Plaintiff has not shown clear error or other meritorious grounds for relief.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for reconsideration (ECF No. 32) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **May 18, 2015**                              **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE

3